IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Roberta B. Mack,<br><br>      Plaintiff,<br><br>vs.<br><br>South Carolina Department of<br>Transportation and John Walsh, Brian<br>Parnell, Clem Watson, and Kenneth<br>Eargle in their individual capacities,<br><br>      Defendants.<br>_____ | ) Civil Action No.:3:12-cv-2960-MGL<br>)<br>)<br>)<br>)  **ORDER AND OPINION**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

  Plaintiff Roberta B. Mack ("Plaintiff") filed this action against her employer Defendant South Carolina Department of Transportation ("DOT"), as well as individual Defendants John Walsh, Brian Parnell, Clem Watson, and Kenneth Eargle, alleging race discrimination, and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq*. ("Title VII"). Plaintiff also brought common law claims of civil conspiracy as to Defendants Walsh, Parnell, Watson, and Eargle (collectively herein the "Individual Defendants").

  On March 25, 2014 and March 28, 2014, the Individual Defendants and the DOT moved for summary judgment. (ECF Nos. 42 & 43.) Plaintiff filed responses in opposition on April 11, 2014 and April 14, 2014 (ECF Nos. 45 & 46), and Defendant DOT filed a reply on April 29, 2014. (ECF No. 50.) In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., this employment discrimination matter was referred to a United States Magistrate Judge for consideration of pretrial matters and two pending dispositive motions. The Magistrate Judge has prepared a thorough Report and Recommendation which

recommends that the DOT's motion, and the Individual Defendants' motion be granted and this matter dismissed. (ECF No. 55.) Plaintiff filed objections to the Report and Recommendation on February 24, 2015 after receiving an extension of time to file objections. (ECF No. 58.) On March 13, 2015, DOT filed a response to Plaintiff's objections relative to the recommended disposition of DOT's motion for summary judgment. (ECF No. 59.) For the reasons set forth herein, this court adopts the Report and Recommendation and grants Defendants' Motions for Summary Judgment.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

## DISCUSSION

The Report and Recommendation sets forth in detail the relevant facts and standards of law on this matter, and the Court incorporates them herein. The Magistrate Judge carefully reviewed DOT's motion for summary judgment and first addressed the timeliness of Plaintiff's non-wage-based Title VII claims. The Magistrate Judge fully considered Plaintiff's responsive arguments, inferences, and evidence, but reasonably concluded that Plaintiff was unable to show that her untimely EEOC charge should be

excused by either equitable tolling or estoppel. (ECF No. 55 at 11.) Accordingly, the Magistrate Judge correctly determined that Plaintiff's discrimination claims that are not wage-based and that occurred more than 300 days before August 21, 2011 are time-barred. (ECF No. 14.)

The Magistrate Judge then considered Plaintiff's non-time barred Title VII claims, noting that Plaintiff could survive summary judgment by presenting either direct or circumstantial evidence raising a genuine issue of material fact as to whether an impermissible factor such as race or gender motivated an employer's adverse employment decision. (ECF No. 55 at 15.) The Magistrate Judge considered Plaintiff's wage-based Title VII claim alleging disparate treatment based on unequal pay, concluding first that Plaintiff had met her burden of establishing a prima face case under the *McDonnell Douglas/* "pretext" burden-shifting framework (ECF No. 55 at 20), but that DOT satisfied its responsive burden of producing evidence of a legitimate non-discriminatory reason for the salary differential, and Plaintiff failed to show that reason to be pretextual. (ECF No. 55 at 21-23.) Thus, the Magistrate Judge recommends this Court grant DOT summary judgment on the Title VII wage-based discrimination claim. (ECF No. 55 at 26.) The Magistrate Judge also considered Plaintiff's claim under the "direct"/mixed-motive framework but reasonably concluded that Plaintiff's evidence, particularly the affidavits of other DOT employees as to their own opinions and perceptions, does not suffice under this analysis. (ECF No. 55 at 27.) Next, the Magistrate Judge briefly considered the only other non-time-barred, non-wage based claim—Plaintiff's move from a private office to a cubicle—and concluded that Plaintiff failed to show she suffered an adverse employment

action or a materially adverse action to establish either a discrimination or retaliation claim.[1] (ECF No. 55 at 28-31.)

Finally, the Magistrate Judge considered Plaintiff's state-law claims for civil conspiracy against the individual defendants in light of their motion for summary judgment and concluded that no reasonable jury could find a conspiracy based on the evidence presented and that Plaintiff failed to present sufficient evidence of the joint assent required to survive summary judgment. (ECF No. 55 at 34-35.) Accordingly, the Magistrate Judge recommended both summary judgment motions be granted.

Plaintiff sets forth four objections to the Report and Recommendation asserting the Magistrate Judge erred in finding: 1) Plaintiff had not shown pretext on her Title VII wage-based race discrimination claim; 2) Plaintiff could not establish her wage-based race discrimination claim through the direct method of proof; 3) that portions of Plaintiff's Title VII race and retaliation claims were time-barred and not equitably tolled; 4) there was not sufficient civil conspiracy evidence of joint assent and of actions outside of the course and scope of the Individual Defendants' employment. (ECF No. 58.) Although proclaimed to be specific objections, Plaintiff's objections are more general and conclusory in nature, and instead reflect Plaintiff's opposition to the Magistrate Judge's overall findings and recommended disposition. Still, the Court has conducted a de novo review, and overrules Plaintiff's objections, having found them to be substantial restatements of arguments made before and considered by the Magistrate Judge on the above-mentioned issues. The Court finds that the Magistrate Judge prepared an extensive and detailed Report and

---

[1] Plaintiff indicates that she does not object to the Magistrate Judge's findings concerning her transfer from an office to a cubicle. (ECF No. 58 at 4.)

Recommendation that appropriately addressed the parties' arguments in light of the evidence presented and the applicable law. The Court finds no error.

## CONCLUSION

The Court has carefully reviewed the objections made by Plaintiff and has conducted the required de novo review. After considering the motions, the record, the Report and Recommendation of the Magistrate Judge, and the responses filed, this Court determines that the Magistrate Judge's recommended disposition is correct and the Report and Recommendation is adopted and incorporated herein by reference. Therefore, it is ORDERED that Defendants' Motions for Summary Judgment (ECF Nos. 42 & 43) are GRANTED and this action hereby DISMISSED.

    IT IS SO ORDERED.

                                        /s/Mary G. Lewis
                                        United States District Judge

Columbia, South Carolina
March 23, 2015